## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal No. 21-cr-154 (RJL)** |
| | : | |
| WILMAR JEOVANNY | : | |
| MONTANO ALVARADO, | : | |
| | : | |
| Defendant. | : | |

### RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully responds to the defendant's Motion For Reconsideration, ECF No. 82. The government proved beyond a reasonable doubt all of the elements necessary to establish a felony violation of Count Three, 18 U.S.C. § 111(a)(1) and, thus, in resolving the defendant's motion, we respectfully request that the Court make the appropriate record to find the defendant guilty of Count Three and promptly schedule sentencing.

Montano-Alvarado was charged with, and convicted of, a felony violation of 18 U.S.C. § 111(a)(1). That statute punishes anyone who (1) "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a designated federal officer "while [the officer is] engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). "[W]here the acts in violation of this section constitute only simple assault," the offense is a misdemeanor. *Id.* But if such acts involve "physical contact with the victim of that assault *or* the intent to commit another felony," the maximum penalty is eight years. *Id.* (emphasis added).

In this case, the indictment alleges:

On or about January 6, 2021, within the District of Columbia, WILMAR JEOVANNY MONTANO ALVARADO, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the

uniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony.

ECF No. 30 (Second Superseding Indictment).

Thus, the indictment alleged only one of the two possible statutory avenues to elevate the count to a felony: "the intent to commit another felony."

When the Court delivered the verdict, it identified the elements of offense for 18 U.S.C. § 111(a). As it relates to the fifth element, which elevates the count to a felony, the Court stated the element as follows: "And five, that the acts involved physical contact with the victim or the intent to commit another felony." In essence, the Court's instruction reflected the statute, but included an additional means of committing a felony violation not listed in the indictment, *i.e.*, physical contact.

The defendant is correct that he was not charged with a felony violation of Section 111(a)(1) based on physical contact with officers. Therefore, he cannot be convicted of violating Section 111(a)(1) based on physical contact with the officers. To do so would be a constructive amendment. *See United States v. Bradley*, 917 F.3d 493, 502 (6th Cir. 2019) ("A constructive amendment occurs where both the jury instructions and the evidence at trial vary from the indictment to broaden the basis for conviction.") (quotation marks omitted).

Instead, as explained above, the government charged the defendant with a felony violation of Section 111(a)(1) based on his intent to commit another felony. The Court has already implicitly found the "intent to commit another felony" element satisfied when it convicted the defendant of violating 18 U.S.C. 231 based on the same conduct at issue in his Section 111(a)(1) conviction. *See* Trial Tr. at 5-7 (10/24/23). The Court should make clear that the fifth element for Section 111(a)—intent to commit another felony—has been met, when it resolves the defendant's motion

for reconsideration. We respectfully request that the Court make this explicit finding. *See United States v. Stevens*, 105 F.4th 473, 483 (D.C. Cir. 2024) (holding "any felony offense other than the base offense of conviction fits the meaning of 'another felony offense,'" and affirming the trial court's finding that the defendant violated Section 111(a)(1) with intent to commit civil disorder under Section 231(a)(3)).

Finally, although the defendant argues that convicting him on the basis of "intent to commit another felony" would be a surprise, that is incorrect. For example, after the defendant moved for judgment of acquittal, the Court asked the government whether "an intent to block the certification, . . . would enhance the [Section 111] misdemeanor into a felony?" Trial Tr. at 129 (10/18/23). The government responded in the affirmative, agreeing that a felony conviction under Section 1512(c)(2) would suffice as "intent to commit another felony," and followed up by noting that "the 231 could suffice too. . . . He could have also had – and we believe he had – an intent to commit civil disorder. That one is actually not even challenged here on the Rule 29. So either of those would suffice. Your Honor is correct there. That would make [the Section 111 charge] a felony." Trial Tr. at 129-130 (10/18/23).

Therefore, we respectfully request that the Court make the appropriate record to find the defendant guilty of Count Three and promptly schedule sentencing.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

October 17, 2024                    By:    /s/ *Ashley Akers*
                                           ASHLEY AKERS
                                           Senior Trial Counsel
                                           MO Bar No. 69601
                                           United States Attorney's Office
                                           601 D Street NW

Washington, D.C. 20001
(202) 305-5642
Ashley.Akers@usdoj.gov